IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MACK JOYNER,

                    Petitioner,

          v.                              CASE NO.  09-3251-RDR

FEDERAL BUREAU
OF PRISON, et al.,

                    Respondents.

O R D E R

The initial pleading in this case entitled "preliminary
injunction" was filed by an inmate of the United States
Penitentiary, Leavenworth, Kansas, and docketed as a petition for
writ of habeas corpus.

Petitioner has also filed a motion to proceed without
prepayment of fees, in which he alleges he is filing an affidavit;
however, no affidavit is provided.  28 U.S.C. § 1915 requires that
a prisoner seeking to bring a civil action without prepayment of
fees submit an affidavit described in subsection (a)(1), and a
"certified copy of the trust fund account statement (or
institutional equivalent) for the prisoner for the 6-month period
immediately preceding the filing" of the action "obtained from the
appropriate official of each prison at which the prisoner is or was
confined."  28 U.S.C. § 1915(a)(2).  Petitioner will be required to
submit his motion on forms provided by the court, and he must
complete the financial questions on the form, which will serve as
his affidavit.  In addition, he must provide the certified statement
of his inmate account for the six-month period immediately preceding
the filing of his action, as required by § 1915(a)(1).  The clerk
shall be directed to provide forms for filing a proper motion under

28 U.S.C. § 1915(a), and Mr. Joyner will be given time to submit a proper motion and financial information in support. This action may not proceed until he has submitted a motion that conforms to the requirements of Section 1915(a). If Mr. Joyner fails to submit a proper motion on forms with the requisite financial information in the time allotted, this action may be dismissed as a result without further notice.

Mr. Joyner claims his "statutory and due process rights are being violated by the Bureau of Prisons (BOP) in connection with his attempts to complete the 500-hour Residential Drug Abuse Program (RDAP). He alleges that his participation in the program, and thus his eligibility for reduction of his period of custody thereunder, was revoked after he had completed nearly six months of the RDAP component, based on the treatment team's findings of a lack of "satisfactory progress within the treatment program", and that his "cognitive abilities appear to be in question with regard to his capacity to comprehend and apply phase related treatment concepts". He further alleges he was expelled from the program on November 5, 2009, based on these findings. Petitioner believes the treatment team's decision was erroneous and an "incomplete evaluation of (his) learning disability." In support, he alleges he is 58 years old, only completed ninth grade, used drugs for nearly 20 years, and suffered a "severe head trauma" that caused severe memory loss.

Petitioner seeks appointment of counsel, a preliminary injunction placing him back in the program, and an expedited evidentiary hearing. He asserts jurisdiction under 28 U.S.C. § 2241. He also "invokes jurisdiction under" 28 U.S.C. §§ 1331 and 1343(4).

The court finds that this action is properly brought under 28 U.S.C. § 2241, because Mr. Joyner, in effect, challenges execution of his sentence and seeks a speedier release. A habeas corpus petition is his sole remedy in federal court for a claim to immediate or speedier release. Preiser v. Rodriquez, 411 U.S. 475, 499 (1973); McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997); see Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

At the outset, the court denies petitioner's motion for a preliminary injunction. "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp., 500 F.3d at 1126. "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003). Petitioner certainly has not alleged facts showing a clear and unequivocal right to relief or that the balance of harms tips in his favor. He baldly states that the decision of the BOP was erroneous, but alleges no facts whatsoever showing the decision was arbitrary or capricious. It appears petitioner simply requests this extraordinary remedy because he desires that his case be expedited in federal court.

However, he provides no reason why his claims cannot be adequately addressed under habeas corpus procedures.

Furthermore, Mr. Joyner may not avoid the prerequisites to obtaining habeas corpus relief in federal court by simply styling his petition as a motion for preliminary injunction. The court finds that petitioner has not shown full exhaustion of all available prison administrative remedies. Although § 2241 does not contain an explicit exhaustion requirement, the law in this Circuit generally requires a federal inmate to exhaust administrative remedies within the Bureau of Prisons (BOP) before seeking habeas corpus relief in federal court. See e.g., Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986); see also, Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); 243 F.3d 629, 634 (2nd Cir.2001). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. See Woodford v. Ngo, 548 U .S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." Id. at 90-91. The use of administrative procedures is necessary for the development of a factual record, to permit the application of corrections expertise to the claims of the prisoner, and to possibly resolve the claim which would limit or eliminate the Court's interference in the operation of the institution. Furthermore, properly utilized, the administrative grievance process should be the most effective means of challenging administrative actions of the BOP.

Petitioner alleges no facts showing he has fully and properly

exhausted all available administrative remedies on his claims. He does not describe any claims he has raised on administrative appeal, and the responses to those appeals or provide any dates of claims or responses. The court finds that petitioner must provide this information to show he has fully and properly exhausted all available administrative remedies. He may provide copies of documents from any administrative proceedings, if available. Otherwise, he must at least provide a summary of the steps he took to exhaust and the claims raised and decision rendered at each level. Petitioner will be given time to show that he has satisfied the exhaustion prerequisite. If he fails to make a sufficient showing in the time allotted, this action may be dismissed without prejudice and with no further notice.

Finally, the court considers and denies petitioner's request for Appointment of Counsel imbedded in his initial pleading (Doc. 1). There is no constitutional right to appointment of counsel in a habeas corpus proceeding. The decision whether to appoint counsel lies in the discretion of the district court. The court finds in this case that it is not clear at this juncture that petitioner has asserted a viable claim; (2) the issues are not complex; and (3) Mr. Montgomery appears capable of adequately presenting facts and arguments. However, this denial is without prejudice. If as this case progresses, it becomes apparent that appointed counsel is necessary, plaintiff may file a new, separate motion.

**IT IS THEREFORE ORDERED** that petitioner's request for appointment of counsel in the petition (Doc. 1) is denied, without prejudice.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to submit his motion to proceed without prepayment of fees on forms provided by the court with the required financial information as set forth herein.

**IT IS FURTHER ORDERED** that within the same twenty (20) day period, petitioner is required to show cause why this action should not be dismissed for failure to show full and proper exhaustion of administrative remedies.

The Clerk shall send forms to petitioner for filing a motion under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

Dated this 28th day of December, 2009, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge